Subify LLC v Ace Hat Collection Inc. (2024 NY Slip Op 51336(U))

[*1]

Subify LLC v Ace Hat Collection Inc.

2024 NY Slip Op 51336(U)

Decided on September 27, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 27, 2024
Supreme Court, New York County

Subify LLC, Plaintiff,

against
Ace Hat Collection Inc., Defendant.

Index No. 654768/2020

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 105, 106, 107, 121 were read on this motion to ATTORNEY - WITHDRAW.
In motion sequence number 005, attorney Shawn P. Thomas moves by order to show cause pursuant to CPLR 321 for leave to withdraw as counsel for defendant Ace Hat Collection Inc. (Ace Hat). The motion is unopposed.
In the order to show cause dated October 30, 2023, the court ordered that an executed copy of the order be served upon Ace Hat at its last-known address by e-mail and overnight priority mail by November 1, 2023, with a copy of an affidavit or acknowledgement of service to be e-filed by November 20, 2023 (see NYSCEF doc No. 107). Thomas attaches an affirmation of service by Thomas, in which he avers that, on October 30, 2023, Jason Ziven of Sanders Roberts served by email on Allen McBroom, manager for Ace Hat, copies of the order to show cause and Thomas's affirmation in support of his motion to withdraw as counsel. Thomas did not attach proof of service upon Ace Hat at its last-known address by overnight priority mail or a copy of an affidavit or acknowledgement of service.
Counselor Thomas also submits an affirmation dated October 26, 2023 in which he affirms that he seeks to withdraw as counsel for Ace Hat because he ceased working for Sanders Roberts LLP, the law firm by which he was employed at the time Ace Hat retained him to represent it in this matter (see Thomas affirmation ¶¶ 7-9). He further affirms that both he and Sanders Roberts attempted to contact McBroom via telephone calls and text messages to obtain permission for Thomas to withdraw but did not receive any response (id. ¶¶ 13-14). Thomas admits that he was thus unable to obtain Ace Hat's consent (id. ¶ 21).
CPLR 321 (b) (2) provides:
"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
For withdrawal to be permitted, "[t]he attorney must demonstrate that good cause exists to end the relationship with the client, such as by showing an irretrievable breakdown in the relationship or a failure of cooperation by the client" (Matter of Cassini, 182 AD3d 13, 40 [2d Dept 2020]). "The decision to grant or deny permission for counsel to withdraw lies within the [*2]discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [2nd Dept 2018]).
Thomas fails to demonstrate good cause to support a grant of leave to withdraw from representation of Ace Hat. First, he has not submitted any proof that he attempted service upon Ace Hat of his motion to withdraw by overnight priority mail at its last known address or an affidavit or acknowledgement of service from Ace Hat. "An attorney is required to provide reasonable notice to the client when withdrawing from representation" (Gotay v Breitbart, 58 AD3d 25, 29 [1st Dept 2008]). Second, he does not present any factual circumstances that would warrant a grant of withdrawal, such as an irretrievable breakdown in the relationship or failure of cooperation by the client in the representation (see Matter of Cassini). Absent circumstances warranting leave to withdraw, Thomas must obtain consent from Ace Hat to withdraw.
Accordingly, it is
ORDERED that the motion by attorney Shawn P. Thomas by order to show cause to withdraw as counsel for Ace Hat Collection Inc. is denied without prejudice.
DATE 09/27/24
ROBERT R. REED, J.S.C.